Edward L. KEENE et al., Appellants,

v.

Herbert L. REED et al., Appellees.

No. 3790.

Court of Civil Appeals of Texas.

Waco.

Nov. 17, 1960.

Rehearing Denied Dec. 8, 1960.

Eugene Chambers, Houston, for appellant.

Dawson & Hatten, Dyche, Wheat & Thornton, Houston, for appellee.

WILSON, Justice.

Appellants, as owners of lots in an addition, use of which was restricted by contract to single family dwellings, sought an injunction restraining the operation of beauty parlors by appellees.

The court found under undisputed evidence that appellees have operated their beauty parlors continuously since April, 1953; that appellees Reed had remodeled their home for use as a beauty shop over six years previous to the filing of suit at a cost of $2,000, and had purchased $1,500 worth of equipment therefor; that the violations of restrictions by appellees had been open and obvious during the entire period. The findings of fact are not challenged. He concluded the action was barred by the four-year statute of limitation, Art. 5529, Vernon's Ann.Civ.Stats.; that appellants were guilty of laches, and had waived their rights to object to the violations. Judgment was rendered that appellants take nothing. Appellants' points are directed against the conclusions.

As to the limitation question, appellants say the restrictive covenant running with the land is an incorporeal hereditament, as

such is a negative easement and an interest in land, and is governed by the ten year statute, Art. 5510, as an action "for the recovery of lands, tenements or hereditaments." They rely on construction of a similar Missouri statute (V.A.M.S. § 516.-010) in McLaughlin v. Neiger, St. Louis Court of Appeals 1956, 286 S.W.2d 380, 383, in support of the position.

In Arrington v. Cleveland, Tex.Civ.App., 242 S.W.2d 400, 401, writ refused, Justice Culver characterized the present action as "the asserted violation of rights and duties growing out of the written contract", quoting the provisions of Art. 5529, and citing cases holding actions to prevent encroachment on, or prevent obstruction of private easements were barred in four years. The Fort Worth Court held limitation could not there be invoked because the evidence did not show a beauty shop had been operated on the premises continuously for a period of four years.

In the present case, the undisputed evidence supporting the findings shows operation of a beauty shop by one defendant for six years, and by the other for nearly seven years before institution of the action.

 We think, however, that the determination of the trial court as to laches supports the judgment, and is supported by the record. The applicable principles are stated in Culver v. Pickens, 142 Tex. 87, 176 S.W.2d 167, 170. Delay, coupled with disadvantage to another, are the essential elements. If one, knowing his rights, "takes no steps to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable." In a proper case laches is not precluded "even though the statutory period has not run."

Appellants admitted knowledge of the existence of both shops for "quite some time." Remodeling of a dwelling converting the building to a commercial beauty parlor was permitted while appellants took no steps to prevent it. After substantial investment in construction cost and equipment, hundreds of customers—"mostly neighbors"—patronized the shops for over six years, without protest or objection. Appellants say it is not for a wrongdoer to "impose extreme vigilance and promptitude." The court was not required to regard acquiescence of six years as extreme vigilance or promptitude under the evidence, and the record supports the court's determination that the circumstances rendered it inequitable for injunction to issue. It is not necessary for us to pass on the waiver question. The judgment is affirmed.