Dave SCHOENHALS and wife, Mrs. Dave
Schoenhals, et al., Appellants,

v.

G. R. CLOSE and wife, Ann Lee Close,
Appellees.

No. 8044.

Court of Civil Appeals of Texas,
Amarillo.

Feb. 9, 1970.

Linn, Helms & Countiss and Richard N. Countiss, Spearman, for appellants.

Lemon, Close & Atkinson and R. D. Lemon, Perryton, for appellees.

DENTON, Chief Justice.

This is an appeal from a temporary injunction enjoining the appellants from opening a beauty shop in violation of a restrictive covenant.

Plaintiff-appellants Mr. and Mrs. G. R. Close and defendants Schoenhals own adjoining lots in a residential section of Perryton, Texas. Each of the deeds to their respective lots derived from a common source and each contained a residential restriction and covenant which stated "that there shall never be erected upon said land hereinbefore described no improvements save and except improvements to be used for residential purposes * * *."

In late 1959 appellant Schoenhals converted the inside of his garage into a beauty shop. In January of 1960 Schoenhals' daughter, appellant Gloria Griggs, opened the beauty shop for commercial operation. In October of 1960, the Closes purchased the house next to the Schoenhals' lot. At that time the beauty shop was in operation.

The beauty shop remained in commercial operation until some time in 1964. From 1964 until July 1969 appellant Gloria Griggs did some work in the beauty shop for some ten members of her church on a charitable basis. During this period when the commercial activity surrounding the beauty shop had ceased, plaintiff Close made over $30,000.00 in improvements to his property. In July, 1969, appellant Gloria Griggs made arrangements to resume commercial operations of the beauty shop. Three operators rented space, the drying chairs were replaced, and a business telephone was installed. When appellees learned of Gloria Griggs' intentions to resume the commercial operation of the beauty shop, they brought this suit. The trial court granted a temporary injunction and appellants have appealed to this court on two grounds. First, they contend that the four year statute of limitations applies in this case, Art. 5529, Vernon's Ann.Tex.Rev.Civ.St.; and that the appellees' cause of action is thus barred.

Secondly, appellants contend that appellees' cause of action is barred by laches.

■ The four year statute of limitations does apply to violations of a restrictive covenant. Keene v. Reed, 340 S.W.2d 859 (Tex.Civ.App., writ ref'd); Arrington v. Cleveland, 242 S.W.2d 400 (Tex.Civ.App., writ ref'd). However, we have concluded the four year statute is not determinative in this case.

■■ Gloria Griggs began to operate a beauty shop in 1960 in the appellant Schoenhals' garage in violation of the restrictive covenant. At that time the neighbors had a legal right to enforce the restrictive covenant and to prevent the operation of the beauty shop. In 1964, more than four years after the opening of the beauty shop, appellant Griggs ceased the commercial operation. At the time she ceased the commercial operation, the statute of limitation had run and she had, at that time, a right to continue the operation of the beauty shop. From 1964 appellant Gloria Griggs conducted a limited amount of charity work in the garage. If the restrictive covenant were in effect during that period, the charitable work would not have been in violation of the restrictive covenant, and the neighbors would not have had a cause of action. A small amount of non-profit work done inside one's home or garage would not violate a residential restrictive covenant. Allen v. Winner, 389 S.W.2d 599 (Tex.Civ. App., ref. n. r. e.).

■ When appellant Gloria Griggs resumed her commercial operation in July of 1969, the neighbors once again had a cause of action and statute of limitations began to run. The filing of this suit within the ten days after learning of appellants' plans would not raise a question of laches with respect to the opening in July, 1969.

The question which must be decided in this case is whether a party who acquires a right through the statute of limitations to operate a commercial enterprise in contravention of a restrictive covenant may lose that right by abandonment?

■ Ordinarily, unless a restrictive covenant is removed either by the agreement of all the interested property owners or by a declaratory judgment, the restriction will not be removed. Simon v. Henrichson, 394 S.W.2d 249 (Tex.Civ.App., ref. n. r. e.). Even though the restriction has not been removed, it may become unenforceable with respect to the entire tract, either because "of the acquiescence of the lot owners in such substantial violations within the restricted area as to amount to an abandonment of the covenant or a waiver of the right to enforce it," or "because there has been such a change of conditions in the restricted area or surrounding it that it is no longer possible to secure in a substantial degree the benefits sought to be realized through the covenant." Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943, 945.

■ Where there has been a single violation of a restrictive covenant in a neghborhood, the fact that one violation is protected by some valid defense does not have the effect of removing the restrictive covenant as it applies to the rest of the tract. Barham v. Reames, 366 S.W.2d 257 (Tex.Civ. App.).

■ A restriction may become unenforceable with respect to a particular lot in a tract under the defenses of the statute of limitations, waiver, or laches. Even though a party has violated a restrictive covenant and is able to continue to do so under one of the foregoing defenses, the restrictive covenant will continue to exist, "even if the violation as it exists, continues." Simon v. Henrichson, 394 S.W.2d 249, 252 (Tex.Civ. App., ref. n. r. e.). If the violation ceases, the covenant will once more become effective and will bar any future violations. Any other result would, in effect, seriously impair the usefulness and value of restrictive covenants, as any prospective purchaser of a home in a residential area could never be certain that a previous violation

of a restrictive covenant in the neighborhood had not rendered that covenant ineffective.

■ In the case at hand, the beauty shop ceased its commercial activity some time in 1964. The converted garage did not appear to be a beauty shop from the outside and a casual observer in the neighborhood would have noticed nothing unusual about the garage during that period. When appellants ceased to violate the restrictive covenant, they waived the rights they may have acquired during the previous operation of the beauty shop. None of the neighbors would have been able to maintain a suit during this period as the appellants were not at that time violating the restrictive covenant.

■ When appellant Griggs reopened her beauty shop in July of 1969, she once again was in violation of the restrictive covenant. Appellees filed this suit within ten days after learning of appellants' plans. The concept of laches is based on the ground of unreasonable delay, and ten days is not an unreasonable delay.

■ Appellant contends that the four year statute of limitations is applicable and that the appellees' cause of action is barred by that statute of limitations. Here there were two violations of the restrictive covenant and thus two causes of action. The first arose when appellant opened the beauty shop in 1960. The second cause of action arose in July, 1969, when appellant reopened her beauty shop in violation of the restrictive covenant. That cause of action was not barred by the statute of limitations at the time appellee filed this suit.

The judgment of the Trial Court is affirmed.