Charles P. PARK, Appellant,

v.

Charles E. BAXTER et ux., Appellees.

No. 1172.

Court of Civil Appeals of Texas,
Tyler.

Oct. 12, 1978.

Rehearing Denied Nov. 2, 1978.

Dennis C. Holle, Dulany & Holle, Belton, for appellant.

Gordon G. Adams, Duncan, Bragg, Barron & Phillips, Killeen, for appellees.

DUNAGAN, Chief Justice.

This is a suit instituted by appellant, Charles P. Park, against appellees, Charles E. Baxter and wife, Margaret L. Baxter, seeking to enjoin the appellees from violation of restrictive covenants. The restrictive covenants which appellant sought to enforce are those restricting the use of appellees' property in question to: (1) residential use and (2) uses not constituting a

nuisance. The cause was tried to the court sitting without a jury. After presentation of the testimony, evidence and arguments of counsel for both parties, the trial court resolved the disputed facts in favor of the appellees and concluded that under the applicable law of limitations the appellant-plaintiff's cause of action was barred and entered judgment that appellant take nothing. From this judgment the appellant has appealed.

The record does not contain any findings of fact or conclusions of law made or filed by the trial court and none was requested.

Appellant has predicated his appeal upon four points of error. Appellant asserts in points of error Nos. 1 and 3 that there is no evidence to support the court's finding that (1) the statute of limitations has run to prevent suit to enjoin the operation of the music school or (2) to prevent suit to enjoin the operation of the swimming school. Appellant asserts by his points of error Nos. 2 and 4 that the findings of the court that the statute of limitation has run against his cause of action to enjoin the operation of the music and swimming schools are contrary to the greater weight of the evidence.

■ The four-year statute of limitation, Art. 5529, Tex.Rev.Civ.Stat.Ann., is controlling in suits to enforce restrictive covenants. *Schoenhals v. Close,* 451 S.W.2d 597 (Tex.Civ.App.–Amarillo 1970, no writ history); *City of Fort Worth v. Johnson,* 388 S.W.2d 400 (Tex.1964); *Keene v. Reed,* 340 S.W.2d 859 (Tex.Civ.App.–Waco 1960, writ ref'd); *Arrington v. Cleveland,* 242 S.W.2d 400 (Tex.Civ.App.–Fort Worth 1951, writ ref'd).

The undisputed evidence shows that the appellees were operating a music and swimming school on their property, known as Baxter's Studio of Music and Baxter's Swimming School.

The evidence shows that appellant purchased his property in November 1964 and that he was aware of the restrictions at that time. The evidence also shows that the appellees purchased the property in question in August 1967. Piano lessons

commenced immediately thereafter, in September 1967, and these lessons have been continuously taught with no more than a couple of days' break right up until the time suit was filed. Appellant instituted his cause of action on October 15, 1974. During the year 1968 there was an average of twenty-six music students per month. During 1969 there was an average of sixty music students per month. It is also shown that there were 362 total hours taught in 1968 in the music school and appellees' total gross income for that year was $3,410.00. The total gross income for the year 1969 was $7,350.00. The swimming pool was completed in October 1969, and the swimming school began operation in May 1970. The testimony clearly shows that a commercial business was being operated on the property in question in 1968 and 1969, substantial enough that the covenant was breached and appellant was or should have been aware of it.

■ Appellant contends that the cause of action did not arise four years prior to the institution of his cause of action because appellant did not suffer any pecuniary loss until less than four years before the institution of this suit. However, in an action to enforce a restrictive covenant, it is not necessary that plaintiff prove actual damages to show the breach and obtain injunctive relief. *Gunnels v. North Woodland Hills Community Association,* 563 S.W.2d 334, 337 (Tex.Civ.App.–Houston 1978, no writ history); *Shepler v. Falk,* 398 S.W.2d 151, 154 (Tex.Civ.App.–Austin 1965, writ ref'd n. r. e.); *Protestant Episcopal Church Council v. McKinney,* 339 S.W.2d 400, 403 (Tex.Civ.App.–Eastland 1960, writ ref'd). The trial court impliedly found that the evidence was ample and conclusive that the lots in question were dedicated to commercial use more than four years prior to the institution of this suit. Also, where the question before the court is whether as a matter of law there is any evidence to sustain the judgment, the appellate court must presume that the evidence supports not only the expressed findings made but also any omitted findings which are necessary to support the judgment. *Wisdom v.*

*Smith*, 146 Tex. 420, 209 S.W.2d 164, 166 (1948). Also, in the absence of findings of fact or conclusions of law where none are requested, it must be presumed that the trial court resolved in appellee's favor every issue of fact raised by the evidence, and in passing upon the "no evidence" points, we must view the evidence in the light most favorable to such finding, disregarding all evidence that is contrary thereto. *Collingsworth v. King*, 155 Tex. 93, 283 S.W.2d 30 (1955); *Quinn v. Dupree*, 157 Tex. 441, 303 S.W.2d 769 (1957); *Alexander & Polley Construction Company, Inc. v. Spain*, 477 S.W.2d 301 (Tex.Civ.App.–Tyler 1972, no writ history); 11 A.L.R.2d 1065. There is evidence of probative force showing that a distinct and substantial breach of the restrictive covenant occurred prior to October 15, 1970.

Appellant's second contention is that the evidence is so contrary to the greater weight of the evidence as to render the trial court's finding manifestly unjust. The test or approach for a "preponderance of the evidence point" comes from *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The whole record must be considered to determine if the trial court's finding is so against the great weight and preponderance of the evidence as to be wrong and unjust. In a nonjury case, as this one, the trial court is the judge of the credibility of the witnesses and the weight to be accorded their testimony. *Davis v. Travis County Child Welfare Unit*, 564 S.W.2d 415 (Tex.Civ.App.–Austin 1978, no writ history to date); *White v. Chamberlain*, 525 S.W.2d 273 (Tex.Civ.App.–Austin 1975, no writ history); *Hayes v. Easter*, 437 S.W.2d 652, 654 (Tex.Civ.App.–Texarkana 1968, no writ history). Since findings of fact and conclusions of law were not requested or filed, we must affirm the trial court's judgment on any theory that finds support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.1968); *City of Abilene v. Meek*, 311 S.W.2d 654 (Tex.Civ. App.–Eastland 1958, writ ref'd).

We have considered the entire record and have concluded that the evidence is sufficient to support the trial court's judgment and that the judgment is not so contrary to the greater weight of the evidence so as to be clearly wrong.

The judgment of the trial court is affirmed.

Affirmed.