Opinion filed September 3, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed September 3,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00022-CV

                                                     __________

 

                                   PHYLLIS
A. MORTON, Appellant

 

                                                             V.

 

                             PARADISE
COVE PROPERTY OWNERS 

ASSOCIATION, GLENN HANSON,
CHARLES R. SHOTWELL, ANDSHERLYN SHOTWELL, Appellees

 



 

                                         On
Appeal from the 258th District Court

 

                                                     San
Jacinto County, Texas

 

                                                Trial
Court Cause No. CIV11,234

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This
is an appeal from a summary judgment granted in favor of appellees.[1] 
We affirm.  Appellant, Phyllis A. Morton, was a property owner in the Paradise
Cove Subdivision.  She instituted the underlying action by filing suit against
the Paradise Cove Property Owners Association, Inc. (the Association) on May
10, 2005.  She alleged in her original petition that the Association had
violated the deed restrictions applicable to the subdivision in the following
respects:  (1) allowing the building of homes in Block 8 of the subdivision
that are more than one story and (2) improperly displaying signs or allowing
signs to be improperly displayed in the subdivision.  Appellant sought
injunctive relief and monetary damages against the Association in her original
petition.

Appellant
subsequently amended her pleadings by expanding her claims and adding
addi-tional defendants.  She alleged that Glenn Hanson, Charles R. Shotwell,
and Sherlyn Shotwell were liable as lot owners of properties that she asserted
were in violation of the applicable deed restrictions.  She also asserted that
these individuals were liable in their respective capacities as members of the
Association=s
Architectural Control Committee or officers of the Association.  Appellant
asserted that Hanson=s
home and the Shotwells=
home were in violation of the deed restrictions because they were more than one
story.  She also alleged that Bruce Spickard=s
home was greater than one story.  Appellant additionally asserted that Hanson
constructed a driveway on his lot that violated the applicable deed
restrictions.  In addition to seeking injunctive relief, appellant asserted
claims for breach of contract, fraud, and ADeceptive
Business Practices.@ 
She sought damages for diminished property values, mental anguish, and
exemplary damages.

Appellees
filed a lengthy motion for summary judgment.[2] 
They presented both traditional and no-evidence summary judgment grounds with
respect to appellant=s
claims for affirmative relief and their counterclaims for declaratory relief. 
In addition to filing a response to appellees=
motion for summary judgment, appellant filed her own motion for summary
judgment on her claims for affirmative relief.








The
trial court granted appellees=
motion for summary judgment in all respects and denied appellant=s motion for summary
judgment.  The only issue remaining for consideration after the entry of the
summary judgment order was appellees=
claims for attorney=s
fees.  After considering the attorney=s
fees issue at a bench trial, the trial court entered a final judgment that
incorporated its previous summary judgment order.  In this regard, the trial
court dismissed all of appellant=s
causes of action and entered a declaratory judgment in favor of appellees.  The
trial court additionally awarded appellees $50,200 for attorney=s fees through trial,
$12,000 for attorney=s
fees in the event of an appeal to the court of appeals, $3,000 for attorney=s fees in the event a
petition for discretionary review is filed in the Texas Supreme Court, and
$5,000 for attorney=s
fees in the event the Texas Supreme Court requests briefing on the merits.

                                                                 Issues
on Appeal

Appellant
presents two issues on appeal.  She asserts in her second issue that the trial
court erred in granting appellees=
motion for sanctions.  A reporter=s
record from a hearing conducted on November 15, 2006, indicates that the trial
court orally granted appellees=
motion for sanctions.  However, the trial court=s
final judgment does not impose sanctions against appellant, and the clerk=s record does not contain a
separate written order assessing sanctions.  Furthermore, the final judgment
provides that Aall
relief requested in this case and not expressly granted is denied.@  Appellees acknowledge the
absence of a written order imposing sanctions against appellant.  In this
regard, appellees contend that appellant=s
second issue is moot.[3]  We agree. 
In the absence of a written order imposing sanctions, we overrule appellant=s second issue on the basis
that it is moot.








Appellant=s first issue reads as
follows: AWhether the
trial court erred in granting summary judgment [in favor of appellees].@  She cites Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119 (Tex. 1970), for the proposition that
an appellate issue stating that the trial court erred in granting summary judgment
is sufficient to preserve error and allow argument as to all possible grounds
upon which summary judgment should have been denied.  Although appellant has
presented a broadly stated issue, her arguments on appeal are quite limited. 
She only argues the following two grounds for overturning the trial court=s summary judgment: (1) a
genuine issue of material fact exists as to whether the Asingle story@
deed restriction was violated and (2) the discovery rule should apply to
prevent limitations or laches from applying.  In other words, appellant has not
presented any argument in her brief regarding her claim for fraud and deceptive
business practices.  She also has not presented any arguments pertaining to her
deed restriction claims for signs erected in the subdivision or the
construction of a driveway on Hanson=s
property.   Any complaints that appellant may have regarding those theories of
recovery are waived because she did not present argument and legal authorities
in her brief to preserve error on those complaints.  See Tex. R. App. P. 38.1(i); Henriquez
v. Cemex Mgmt., Inc., 177 S.W.3d 241, 255 (Tex. App.CHouston [1st Dist.] 2005, no pet.) (a general Malooly
issue is sufficient to preserve a complaint only if the specific ground
challenged on appeal is supported by argument); Cruikshank v. Consumer
Direct Mortgage, Inc., 138 S.W.3d 497, 502 (Tex. App.CHouston [14th Dist.] 2004,
pet. denied); Pena v. State Farm Lloyds, 980 S.W.2d 949, 959 (Tex. App.CCorpus Christi 1998,
no pet.); Jatoi v. Decker, Jones, McMackin, Hall & Bates, 955 S.W.2d
430, 433‑34 (Tex. App.CFort
Worth 1997, pet. denied).

            As
set forth in the preceding paragraph, the questions to be resolved in this
appeal are not particularly complex.  Despite the relative simplicity of the
issues, the parties have presented this court with a clerk=s record that consists of
more than 6,000 pages.  Furthermore, a nineteen-volume reporter=s record has also been
filed in this appeal even though this is an appeal from a summary judgment.[4] 
The record filed in this appeal is excessive because it contains many items
that are unnecessary to our review of the issues on appeal.  See Tex. R. App. P. 34.5(b)(3).  
A record of this magnitude would only be justified in an appeal from a lengthy
jury trial or an appeal involving unusually difficult legal or factual issues. 
The task of reviewing this lengthy record has been unduly burdensome, and it
has unnecessarily delayed the disposition of this case as well as other appeals
pending before this court.  The attorneys in this case, both on appeal and at
the trial court level, are admonished to use greater care in the future to
limit the documents filed in a particular case to matters that are germane to
the issues at hand and that are not unnecessarily duplicative.

                                                              Standard
of Review








We
review the trial court=s
summary judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005); Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2003).  A trial court must grant a traditional motion
for summary judgment if the moving party establishes that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of
law.  Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).  Once the movant
establishes a right to summary judgment, the nonmovant must come forward with
evidence or law that precludes summary judgment.  City of Houston v. Clear
Creek Basin Authority, 589 S.W.2d 671, 678‑79 (Tex. 1979). When
reviewing a traditional summary judgment, the appellate court considers all the
evidence and takes as true evidence favorable to the nonmovant. Nixon v. Mr.
Prop. Mgmt. Co., 690 S.W.2d 546, 548‑49 (Tex. 1985).  The appellate
court Amust consider
whether reasonable and fair‑minded jurors could differ in their
conclusions in light of all of the evidence presented@ and may not ignore Aundisputed evidence in the record that cannot
be disregarded.@ Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755, 757 (Tex. 2007).

A
trial court must grant a no‑evidence motion for summary judgment unless
the nonmovant produces more than a scintilla of probative evidence to raise a
genuine issue of material fact.  Tex. R.
Civ. P. 166a(i); Wal‑Mart Stores, Inc. v. Rodriguez, 92
S.W.3d 502, 506 (Tex. 2002).  We review a no‑evidence summary judgment
for evidence that would enable reasonable and fair‑minded jurors to
differ in their conclusions.  Hamilton v. Wilson, 249 S.W.3d 425, 426
(Tex. 2008) (citing City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex.
2005)).

                                                                        Analysis

The
deed restriction at issue provides as follows:  

2. 
No residence shall be erected upon the property, which does not contain 1200
square feet on waterfront lots and 900 square feet on off water lots.  All
homes must be site built with new material.  Elevation of foundation shall not
exceed 24 inches above highest ground elevation under foundation, unless
approved by the Architectural Control Committee.  All homes in Block eight
(8) will be single story only.  Residence must be built behind set back
lines (front being 30 feet, side being 5 feet, and back being 20 feet)
(emphasis added).

 

The critical
inquiry in this appeal focuses on whether the three houses challenged by
appellant violate the Asingle
story only@ deed
restriction. These houses are referred to by the parties as the Spickard Home,
the Shotwell Home, and the Hanson Home.  








Prior
to addressing the interpretation of the deed restriction, we note some
important distinctions made by the parties with respect to the Spickard Home. 
Appellees acknowledge that the Spickard Home is a two-story home located in
Block 8 of the subdivision.  However, appellees contend that the summary
judgment evidence conclusively establishes the affirmative defense of
limitations regarding the Spickard Home.  We agree.

Actions
to enforce restrictive covenants are controlled by a four‑year statute of
limitations. Air Park‑Dallas Zoning Comm. v. Crow‑Billingsley
Airpark, Ltd., 109 S.W.3d 900, 911 (Tex. App.CDallas
2003, no pet.).  Appellees have the burden of conclusively establishing the
applicability of the statute of limitations, including the date on which the
limitations commenced. See Knott, 128 S.W.3d at 220.  An enforcement
action concerning deed restrictions accrues upon breach of the restrictive
covenant.  See Colton v. Silsbee State Bank, 952 S.W.2d 625, 630 (Tex.
App.CBeaumont 1997, no
writ); Park v. Baxter, 572 S.W.2d 794, 795 (Tex. Civ. App.CTyler 1978, writ ref=d n.r.e.).

Bruce
Spickard testified in an affidavit that he purchased his lot in Block 8 on
March 24, 1999, and that the two-story residence located on the lot was in
existence both at the time he purchased it and at the time that appellant
purchased her lot in 1999.  Accordingly, an enforcement action for violating
the applicable deed restriction would have accrued  prior to 1999.  Appellant
did not file suit until 2005.  She acknowledges in her brief that she knew the
Spickard Home was a two-story home prior to filing the underlying action.  In
this regard, appellant does not seek to avoid the application of the four-year
limitations period by invoking the discovery rule with respect to the Spickard
Home.  We conclude that the trial court did not err in determining that appellant
did not file suit with respect to the Spickard Home within the applicable
limitations period.

The
crux of the dispute in this case focuses on the characterization of the
Shotwell and Hanson Homes as either one-story or two-story homes under the applicable
deed restriction.  These homes are similar in construction in that a portion of
the attic space in each home has been converted into some form of useable
space.  According to property tax records, the Shotwell Home contains a Asecond floor living area@ consisting of 144 square
feet located above the 1,280 square feet main living area.  Sherlyn Shotwell
described the second floor living area as a ten feet by fourteen feet Aloft@ above her garage.  Photographs taken of the
inside of the Hanson Home depict two loft areas of approximately 250 square
feet located above the 1,248 square feet main living area.








Viewed
from the exterior, the Shotwell and Hanson Homes resemble the other homes
located in Block 8 of the subdivision, with the exception of the Spickard
Home.  We have attached a summary judgment exhibit that depicts photographs of
the eight homes located in Block 8.  The Shotwell Home is depicted in the
column on the right (second row from the top) and the Hanson Home is depicted
in the column on the left (bottom row).[5]  This exhibit
shows that the distance between the ground and the eaves of all of the homes in
Block 8 (with the exception of the Spickard Home) are roughly the same. 
Additionally, the height of the Shotwell and Hanson Homes is also comparable to
the height of the five homes in Block 8 that appellant has not alleged to be
greater than one story.  Accordingly, the Shotwell and Hanson Homes appear to
be one-story homes when viewed from the exterior.

Appellant
contends that a fact issue exists regarding the characterization of the
Shotwell and Hanson Homes as either one-story or two-story based upon the
taxing entities=
description of the properties.  While these descriptions differ from the trial
court=s findings, we
disagree that this difference in characterization raises a genuine issue of
material fact.  There are no disputed fact issues pertaining to the appearance
of the Shotwell and Hanson Homes.  The controversy in this appeal centers on
the characterization of these homes under the deed restriction.  In this regard,
there is no showing that the standards used by the taxing entities for
characterizing entities as one-story or two-story are the same as the standard
set out in the deed restriction.

It
is the duty of this court, as it was the duty of the trial court, to review the
wording of the restrictive language and determine the intent of the drafter.  See
Wilmoth v. Wilcox, 734 S.W.2d 656, 658 (Tex. 1987).  We review a trial
court=s interpretation
of a restrictive covenant de novo.  Buckner v. Lakes of Somerset
Homeowners Assoc., Inc., 133 S.W.3d 294, 297 (Tex. App.CFort Worth 2004, pet.
denied).  Tex. Prop. Code Ann. ' 202.003(a) (Vernon 2007)
provides that A[a]
restrictive covenant shall be liberally construed to give effect to its
purposes and intent.@ 
See Benard v. Humble, 990 S.W.2d 929, 930 (Tex. App.CBeaumont 1999, pet.
denied).[6]








The
deed restriction at issue simply reads A[a]ll
homes in Block eight (8) will be single story only.@  The one-story limitation is contained within
a paragraph that regulates the size and location of all homes in the
subdivision.  The one-story restriction only applies to homes located in
Block 8.  It is significant to note that the homes in Block 8 are those
located along the waterfront of the subdivision.  Accordingly, the obvious
purpose of the one-story limitation for homes located along the waterfront is
to protect the view of the other property owners in the subdivision.  We
conclude that the Shotwell and Hanson Homes comply with the one-story
restriction because these homes appear to be one-story homes when viewed from
the exterior.  The fact that the owners of these homes chose to utilize a small
portion of the attic space in the homes for use has no effect on the other
property owner=s view
of the waterfront.  Moreover, the remaining deed restrictions do not regulate
the use of the interior of the homes in the subdivision with the exception that
the homes be connected to an approved septic system.  Accordingly, we conclude
that the trial court did not err in determining that the Shotwell and Hanson
Homes are one-story homes under the deed restrictions.  Appellant=s first issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

September 3,
2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.

 

 

 

 

 

 

 

 











 
 
 
 
 




 









[1]The appellees are Paradise Cove Property Owners
Association, Glenn Hanson, Charles R. Shotwell, and Sherlyn Shotwell.





[2]Appellees included a motion for sanctions in their
motion for summary judgment.  The text of this combined motion exceeded 100
pages in length.  Approximately 77 pages of text in the motion were devoted to
the argument and authorities in support of appellees= requested summary judgment.  Appellees included
approximately 118 exhibits with the motion, many of which consisted of multiple
sub-parts.  In sum, the exhibits submitted by appellees with the motion
consisted of almost 2,000 pages of additional documents.  Characterizing
appellees= motion for summary judgment as simply being Alengthy@ is an
understatement.





[3]Appellant has not filed a response to appellees= contention that her sanctions issue is moot.  





[4]AThe appellate record consists of the clerk=s record and, if necessary to the appeal, the
reporter=s record.@  Tex. R. App. P. 34.1
(emphasis added).  ANo oral testimony shall be received at the hearing@ on a motion for summary judgment.  Tex. R. Civ. P. 166a(c).  Requesting a
court reporter to record a summary judgment hearing is neither necessary nor
appropriate to the purposes of such a hearing.  City of Houston v. Clear
Creek Basin Authority, 589 S.W.2d 671, 677 (Tex. 1979).





[5]The Spickard Home is depicted in the left column, top
row.





[6]As reflected by the court=s
opinion in Benard, there is a question regarding the effect of the
statutory rule of construction on the previously announced common-law rule of
construction.  See David A. Johnson, One Step Foward, Two Steps Back:
Construction of Restrictive Covenants After the Implementation of Section
202.003 of the Texas Property Code, 32 Tex.
Tech L. Rev. 355 (2001).  Under the common law, A[r]estrictive clauses in instruments concerning real
estate must be construed strictly, favoring the grantee and against the
grantor, and all doubt should be resolved in favor of the free and
unrestrictive use of the premises.@ Davis
v. Huey, 620 S.W.2d 561, 565 (Tex. 1981).  We do not need to resolve this
question because our interpretation of the deed restriction is the same under
either standard.