**Opinion filed September 3, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00022-CV

_____

## PHYLLIS A. MORTON, Appellant

## V.

## PARADISE COVE PROPERTY OWNERS ASSOCIATION, GLENN HANSON, CHARLES R. SHOTWELL, AND SHERLYN SHOTWELL, Appellees

**On Appeal from the 258th District Court**

**San Jacinto County, Texas**

**Trial Court Cause No. CIV11,234**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment granted in favor of appellees.[1]  We affirm. Appellant, Phyllis A. Morton, was a property owner in the Paradise Cove Subdivision.  She instituted the underlying action by filing suit against the Paradise Cove Property Owners Association, Inc. (the Association) on May 10, 2005.  She alleged in her original petition that the Association had violated

_____

[1]The appellees are Paradise Cove Property Owners Association, Glenn Hanson, Charles R. Shotwell, and Sherlyn Shotwell.

the deed restrictions applicable to the subdivision in the following respects: (1) allowing the building of homes in Block 8 of the subdivision that are more than one story and (2) improperly displaying signs or allowing signs to be improperly displayed in the subdivision. Appellant sought injunctive relief and monetary damages against the Association in her original petition.

Appellant subsequently amended her pleadings by expanding her claims and adding additional defendants. She alleged that Glenn Hanson, Charles R. Shotwell, and Sherlyn Shotwell were liable as lot owners of properties that she asserted were in violation of the applicable deed restrictions. She also asserted that these individuals were liable in their respective capacities as members of the Association's Architectural Control Committee or officers of the Association. Appellant asserted that Hanson's home and the Shotwells' home were in violation of the deed restrictions because they were more than one story. She also alleged that Bruce Spickard's home was greater than one story. Appellant additionally asserted that Hanson constructed a driveway on his lot that violated the applicable deed restrictions. In addition to seeking injunctive relief, appellant asserted claims for breach of contract, fraud, and "Deceptive Business Practices." She sought damages for diminished property values, mental anguish, and exemplary damages.

Appellees filed a *lengthy* motion for summary judgment.[2] They presented both traditional and no-evidence summary judgment grounds with respect to appellant's claims for affirmative relief and their counterclaims for declaratory relief. In addition to filing a response to appellees' motion for summary judgment, appellant filed her own motion for summary judgment on her claims for affirmative relief.

The trial court granted appellees' motion for summary judgment in all respects and denied appellant's motion for summary judgment. The only issue remaining for consideration after the entry of the summary judgment order was appellees' claims for attorney's fees. After considering the attorney's fees issue at a bench trial, the trial court entered a final judgment that incorporated its previous summary judgment order. In this regard, the trial court dismissed all of appellant's causes

---

[2]Appellees included a motion for sanctions in their motion for summary judgment. The text of this combined motion exceeded 100 pages in length. Approximately 77 pages of text in the motion were devoted to the argument and authorities in support of appellees' requested summary judgment. Appellees included approximately 118 exhibits with the motion, many of which consisted of multiple sub-parts. In sum, the exhibits submitted by appellees with the motion consisted of almost 2,000 pages of additional documents. Characterizing appellees' motion for summary judgment as simply being "lengthy" is an understatement.

of action and entered a declaratory judgment in favor of appellees. The trial court additionally awarded appellees $50,200 for attorney's fees through trial, $12,000 for attorney's fees in the event of an appeal to the court of appeals, $3,000 for attorney's fees in the event a petition for discretionary review is filed in the Texas Supreme Court, and $5,000 for attorney's fees in the event the Texas Supreme Court requests briefing on the merits.

*Issues on Appeal*

Appellant presents two issues on appeal. She asserts in her second issue that the trial court erred in granting appellees' motion for sanctions. A reporter's record from a hearing conducted on November 15, 2006, indicates that the trial court orally granted appellees' motion for sanctions. However, the trial court's final judgment does not impose sanctions against appellant, and the clerk's record does not contain a separate written order assessing sanctions. Furthermore, the final judgment provides that "all relief requested in this case and not expressly granted is denied." Appellees acknowledge the absence of a written order imposing sanctions against appellant. In this regard, appellees contend that appellant's second issue is moot.[3] We agree. In the absence of a written order imposing sanctions, we overrule appellant's second issue on the basis that it is moot.

Appellant's first issue reads as follows: "Whether the trial court erred in granting summary judgment [in favor of appellees]." She cites *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119 (Tex. 1970), for the proposition that an appellate issue stating that the trial court erred in granting summary judgment is sufficient to preserve error and allow argument as to all possible grounds upon which summary judgment should have been denied. Although appellant has presented a broadly stated issue, her arguments on appeal are quite limited. She only argues the following two grounds for overturning the trial court's summary judgment: (1) a genuine issue of material fact exists as to whether the "single story" deed restriction was violated and (2) the discovery rule should apply to prevent limitations or laches from applying. In other words, appellant has not presented any argument in her brief regarding her claim for fraud and deceptive business practices. She also has not presented any arguments pertaining to her deed restriction claims for signs erected in the subdivision or the construction of a driveway on Hanson's property. Any complaints that appellant

---

[3]Appellant has not filed a response to appellees' contention that her sanctions issue is moot.

may have regarding those theories of recovery are waived because she did not present argument and legal authorities in her brief to preserve error on those complaints. *See* TEX. R. APP. P. 38.1(i); *Henriquez v. Cemex Mgmt., Inc.*, 177 S.W.3d 241, 255 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (a general *Malooly* issue is sufficient to preserve a complaint only if the specific ground challenged on appeal is supported by argument); *Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497, 502 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 959 (Tex. App.—Corpus Christi 1998, no pet.); *Jatoi v. Decker, Jones, McMackin, Hall & Bates*, 955 S.W.2d 430, 433-34 (Tex. App.—Fort Worth 1997, pet. denied).

As set forth in the preceding paragraph, the questions to be resolved in this appeal are not particularly complex. Despite the relative simplicity of the issues, the parties have presented this court with a clerk's record that consists of more than 6,000 pages. Furthermore, a nineteen-volume reporter's record has also been filed in this appeal even though this is an appeal from a summary judgment.[4] The record filed in this appeal is excessive because it contains many items that are unnecessary to our review of the issues on appeal. *See* TEX. R. APP. P. 34.5(b)(3). A record of this magnitude would only be justified in an appeal from a lengthy jury trial or an appeal involving unusually difficult legal or factual issues. The task of reviewing this lengthy record has been unduly burdensome, and it has unnecessarily delayed the disposition of this case as well as other appeals pending before this court. The attorneys in this case, both on appeal and at the trial court level, are admonished to use greater care in the future to limit the documents filed in a particular case to matters that are germane to the issues at hand and that are not unnecessarily duplicative.

*Standard of Review*

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.

---

[4]"The appellate record consists of the clerk's record and, *if necessary to the appeal*, the reporter's record." TEX. R. APP. P. 34.1 (emphasis added). "No oral testimony shall be received at the hearing" on a motion for summary judgment. TEX. R. CIV. P. 166a(c). Requesting a court reporter to record a summary judgment hearing is neither necessary nor appropriate to the purposes of such a hearing. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex. 1979).

4

1991). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979). When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007).

A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)).

*Analysis*

The deed restriction at issue provides as follows:

> 2. No residence shall be erected upon the property, which does not contain 1200 square feet on waterfront lots and 900 square feet on off water lots. All homes must be site built with new material. Elevation of foundation shall not exceed 24 inches above highest ground elevation under foundation, unless approved by the Architectural Control Committee. *All homes in Block eight (8) will be single story only*. Residence must be built behind set back lines (front being 30 feet, side being 5 feet, and back being 20 feet) (emphasis added).

The critical inquiry in this appeal focuses on whether the three houses challenged by appellant violate the "single story only" deed restriction. These houses are referred to by the parties as the Spickard Home, the Shotwell Home, and the Hanson Home.

Prior to addressing the interpretation of the deed restriction, we note some important distinctions made by the parties with respect to the Spickard Home. Appellees acknowledge that the Spickard Home is a two-story home located in Block 8 of the subdivision. However, appellees

5

contend that the summary judgment evidence conclusively establishes the affirmative defense of limitations regarding the Spickard Home. We agree.

Actions to enforce restrictive covenants are controlled by a four-year statute of limitations. *Air Park-Dallas Zoning Comm. v. Crow-Billingsley Airpark, Ltd.*, 109 S.W.3d 900, 911 (Tex. App.—Dallas 2003, no pet.). Appellees have the burden of conclusively establishing the applicability of the statute of limitations, including the date on which the limitations commenced. *See Knott*, 128 S.W.3d at 220. An enforcement action concerning deed restrictions accrues upon breach of the restrictive covenant. *See Colton v. Silsbee State Bank*, 952 S.W.2d 625, 630 (Tex. App.—Beaumont 1997, no writ); *Park v. Baxter*, 572 S.W.2d 794, 795 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.).

Bruce Spickard testified in an affidavit that he purchased his lot in Block 8 on March 24, 1999, and that the two-story residence located on the lot was in existence both at the time he purchased it and at the time that appellant purchased her lot in 1999. Accordingly, an enforcement action for violating the applicable deed restriction would have accrued prior to 1999. Appellant did not file suit until 2005. She acknowledges in her brief that she knew the Spickard Home was a two-story home prior to filing the underlying action. In this regard, appellant does not seek to avoid the application of the four-year limitations period by invoking the discovery rule with respect to the Spickard Home. We conclude that the trial court did not err in determining that appellant did not file suit with respect to the Spickard Home within the applicable limitations period.

The crux of the dispute in this case focuses on the characterization of the Shotwell and Hanson Homes as either one-story or two-story homes under the applicable deed restriction. These homes are similar in construction in that a portion of the attic space in each home has been converted into some form of useable space. According to property tax records, the Shotwell Home contains a "second floor living area" consisting of 144 square feet located above the 1,280 square feet main living area. Sherlyn Shotwell described the second floor living area as a ten feet by fourteen feet "loft" above her garage. Photographs taken of the inside of the Hanson Home depict two loft areas of approximately 250 square feet located above the 1,248 square feet main living area.

Viewed from the exterior, the Shotwell and Hanson Homes resemble the other homes located in Block 8 of the subdivision, with the exception of the Spickard Home. We have attached a

summary judgment exhibit that depicts photographs of the eight homes located in Block 8. The Shotwell Home is depicted in the column on the right (second row from the top) and the Hanson Home is depicted in the column on the left (bottom row).[5] This exhibit shows that the distance between the ground and the eaves of all of the homes in Block 8 (with the exception of the Spickard Home) are roughly the same. Additionally, the height of the Shotwell and Hanson Homes is also comparable to the height of the five homes in Block 8 that appellant has not alleged to be greater than one story. Accordingly, the Shotwell and Hanson Homes appear to be one-story homes when viewed from the exterior.

Appellant contends that a fact issue exists regarding the characterization of the Shotwell and Hanson Homes as either one-story or two-story based upon the taxing entities' description of the properties. While these descriptions differ from the trial court's findings, we disagree that this difference in characterization raises a genuine issue of material fact. There are no disputed fact issues pertaining to the appearance of the Shotwell and Hanson Homes. The controversy in this appeal centers on the characterization of these homes under the deed restriction. In this regard, there is no showing that the standards used by the taxing entities for characterizing entities as one-story or two-story are the same as the standard set out in the deed restriction.

It is the duty of this court, as it was the duty of the trial court, to review the wording of the restrictive language and determine the intent of the drafter. *See Wilmoth v. Wilcox*, 734 S.W.2d 656, 658 (Tex. 1987). We review a trial court's interpretation of a restrictive covenant de novo. *Buckner v. Lakes of Somerset Homeowners Assoc., Inc.*, 133 S.W.3d 294, 297 (Tex. App.—Fort Worth 2004, pet. denied). TEX. PROP. CODE ANN. § 202.003(a) (Vernon 2007) provides that "[a] restrictive covenant shall be liberally construed to give effect to its purposes and intent." *See Benard v. Humble*, 990 S.W.2d 929, 930 (Tex. App.—Beaumont 1999, pet. denied).[6]

---

[5]The Spickard Home is depicted in the left column, top row.

[6]As reflected by the court's opinion in *Benard*, there is a question regarding the effect of the statutory rule of construction on the previously announced common-law rule of construction. *See* David A. Johnson, *One Step Foward, Two Steps Back: Construction of Restrictive Covenants After the Implementation of Section 202.003 of the Texas Property Code*, 32 TEX. TECH L. REV. 355 (2001). Under the common law, "[r]estrictive clauses in instruments concerning real estate must be construed strictly, favoring the grantee and against the grantor, and all doubt should be resolved in favor of the free and unrestrictive use of the premises." *Davis v. Huey*, 620 S.W.2d 561, 565 (Tex. 1981). We do not need to resolve this question because our interpretation of the deed restriction is the same under either standard.

The deed restriction at issue simply reads "[a]ll homes in Block eight (8) will be single story only." The one-story limitation is contained within a paragraph that regulates the size and location of all homes in the subdivision. The one-story restriction only applies to homes located in Block 8. It is significant to note that the homes in Block 8 are those located along the waterfront of the subdivision. Accordingly, the obvious purpose of the one-story limitation for homes located along the waterfront is to protect the view of the other property owners in the subdivision. We conclude that the Shotwell and Hanson Homes comply with the one-story restriction because these homes appear to be one-story homes when viewed from the exterior. The fact that the owners of these homes chose to utilize a small portion of the attic space in the homes for use has no effect on the other property owner's view of the waterfront. Moreover, the remaining deed restrictions do not regulate the use of the interior of the homes in the subdivision with the exception that the homes be connected to an approved septic system. Accordingly, we conclude that the trial court did not err in determining that the Shotwell and Hanson Homes are one-story homes under the deed restrictions. Appellant's first issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


September 3, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.



Appendix B-2 (CR Vol. 10, p. 3368; Defendants' Exhibit 117)

9