

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00036-CV
_____

THE LOCATION, LOCATION, LOCATION, LTD., APPELLANT

V.

HOME DEPOT USA, INC., APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 108,791-A-CV; Honorable Dan Schaap, Presiding

January 25, 2022

## DISSENTING OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

I respectfully dissent from the majority opinion and would affirm the trial court's final summary judgment in favor of Home Depot USA, Inc. (Depot) and against Location, Location, Location, LTD. In so concluding, I recognize that all parties concede or otherwise do not question that Depot built a sign in 2006 and, regarding the manner of its construction, breached a restrictive covenant regulating the height parameters of such a sign. That Location did not sue Depot for the breach until 2019 is similarly clear. Nor can

one reasonably deny that Depot sought summary judgment on the grounds that Location waived the breach and allowed the applicable limitations period to lapse and 2) the trial court did not specify the particular ground it relied upon in granting Depot's motion. That said, I turn to the reasons why I dissent.

The first concerns the affirmative defense of waiver. *See Schoenhals v. Close*, 451 S.W.2d 597, 599 (Tex. Civ. App.—Amarillo 1970, no writ) (noting that acquiescence of a lot owner in the violation of a restrictive covenant may result in waiver of the right to enforce the covenant). Location did not address that defense on appeal.[1] Where the trial court does not mention upon which ground it may have granted summary judgment, the appellant has the burden to disprove all potential grounds. *Foster v. Infotree Invs. & Mgmt., LLC*, No. 07-20-00031-CV, 2021 Tex. App. LEXIS 694, at *6 (Tex. App.—Amarillo Jan. 28, 2021, pet. denied) (mem. op.). Location having not done that, the trial court's judgment may be affirmed on that ground alone. Yet, assuming *arguendo* that the tenor of Location's "continuing breach" argument proffered here can reasonably be construed as encompassing waiver, another ground prevents me from joining the majority.

Second, the applicable period of limitations for breaching a restrictive covenant is four years. *Reed v. Lake Country Prop. Owners Ass'n*, No. 02-14-00282-CV, 2016 Tex. App. LEXIS 7193, at *12–13 (Tex. App.—Fort Worth July 7, 2016, no pet.) (mem. op.); *Bollier v. Austin Gurdwara Sahib, Inc.*, Nos. 03-09-00313-CV, 03-09-00317-CV, 2010 Tex. App. LEXIS 5363, at *11 (Tex. App.—Austin July 9, 2010, pet. denied) (mem. op.); *Girsh v. St. John*, 218 S.W.3d 921, 925 (Tex. App.—Beaumont 2007, no pet.); *Air Park-*

---

[1] Regarding the non-waiver clause mentioned in the majority opinion, Location said nothing of it in either its response to Depot's motion for summary judgment or its appellant's brief. As it did below, its position here was limited to arguing that the restrictive covenant imposed a continuing obligation. As such, limitations did not expire.

*Dallas Zoning Comm. v. Crow-Billingsley Airpark, Ltd.*, 109 S.W.3d 900, 911 (Tex. App.—Dallas 2003, no pet.); *Malmgren v. Inverness Forest Residents Civic Club, Inc.*, 981 S.W.2d 875, 877 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *Schoenhals*, 451 S.W.2d at 599. Furthermore, the cause of action for such a breach accrues upon the covenant's breach. *Reed*, 2016 Tex. App. LEXIS 7193, at *12–13; *Fox v. O'Leary*, No. 03-11-00270-CV, 2012 Tex. App. LEXIS 5714, at *6 (Tex. App.—Austin July 10, 2012, pet. denied) (mem. op.); *Girsh*, 218 S.W.3d at 925; *Colton v. Silsbee State Bank*, 952 S.W.2d 625, 630 (Tex. App.—Beaumont 1997, no writ); *Park v. Baxter*, 572 S.W.2d 794, 795 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.). The breach in question occurred and the attendant claim accrued when Depot installed one particular sign about thirteen years before Location sued. Yet, Location waited over a decade to sue. So, it acted tardily.

That Location claims the breach was a continuing one is of no moment. It may well be that the obligation to erect signs in conformance with the dictates of a restrictive covenant continues throughout the life of a covenant. *See Schoenhals*, 451 S.W.2d at 599 (stating that "[e]ven though a party has violated a restrictive covenant and is able to continue to do so under . . . [the defenses of limitations, waiver, or laches], the restrictive covenant will continue to exist"). But, Location does not accuse Depot of erecting multiple signs in ways violating the covenant's parameters. Nor does it allege that Depot corrected the mistake only to commit it again. If either were to occur, then limitations may begin anew as to each new construction or violation. *See Reed*, 2016 Tex. App. LEXIS 7193, at *12–13 (quoting *Fox*, 2012 Tex. App. LEXIS 5714, at *6 in support of the rule that, once a violation of a restrictive covenant ends, the enforceability of the restrictive covenant is renewed, and limitations does not bar enforcement of future violations); *Schoenhals*, 451

S.W.2d at 599 (stating the same). Instead, Location complains of only one sign and its conformance to restrictions governing how it had to be built. The deviation at issue occurred once, that is, when it was improperly built and continued since that day. And, it was within four years of that one deviation that Location had to sue. Indeed, our decision in *Schoenhals* supports this.

There, a deed restriction requiring lots to be used for residential purposes was violated when the owner began operating a beauty shop. That occurred in 1960. More than four years had lapsed when beauty shop owner decided to cease operations. That led us to state: "At the time [Gloria] ceased the commercial operation, the statute of limitation had run and she had, at that time, a right to continue the operation of the beauty shop." *Schoenhals*, 451 S.W.2d at 599. But, the shop reopened. That constituted a new breach for which limitations had yet to expire when suit was filed. *Id.* at 600. If nothing else, *Schoenhals* stands for the proposition that limitations for one continuous violation lapsed after four years. Should that initial violation end and another begin, then limitations as to the second one may start anew. If this were not so, then a complainant could wait four years and a day or even ten, twenty, thirty, forty, fifty, sixty, or more years to sue. That is hardly acting with the diligence implicitly required in a statute of limitations. And, to reiterate, we have one continuous breach by Depot of a restriction governing the construction of its sign. Upon the lapse of four years therefrom, limitations expired.

Nor is the existence of other continuing duties under the same covenant consequential. Examples cited to us of those other duties were the obligation 1) to maintain the area where the sign was placed and 2) to contribute annually to the maintenance. Those duties, however, were not the basis of Location's suit.

4

Accordingly, I would overrule Location's sole issue and affirm the final summary judgment.


Brian Quinn
Chief Justice